UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LAIRD TECHNOLOGIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 14:17-cv-1788 |
| vs. | ) Hon. |
| | ) |
| SKYPATROL, LLC, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff Laird Technologies, Inc. ("Plaintiff") submits the following Complaint against Defendant Skypatrol, LLC ("Defendant"):

## Summary of the Case:

This is a collections case involving unpaid invoices for goods that the Defendant purchased, received, and accepted from the Plaintiff. Defendant owes Plaintiff $1,971,086.71. Defendant's own Accounts Payable documents acknowledge and confirm the Defendant's debt to the Plaintiff, in the amount of $1,935,508.71. However, in breach of the parties' contracts, Defendant has refused to pay the Plaintiff the amounts owing on the open account.

## The Parties:

1. Plaintiff is a corporation organized under the laws of the State of Delaware with its principal place of business located in Earth City, Missouri.

2. Defendant is a limited liability company organized under the laws of the State of Florida with its principal place of business located in the City of Miami, Florida. No member of the Defendant is a resident of Delaware.

**Jurisdiction and Venue:**

3. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 as there is in excess of Seventy Five Thousand ($75,000.00) Dollars in controversy, exclusive of interest, costs and attorney fees, and there is complete diversity of citizenship among the parties.

4. This Court has personal jurisdiction over the parties.

5. This Court is a proper venue for this civil action pursuant to 28 U.S.C. § 1391(b).

**General Allegations:**

6. Plaintiff and Defendant entered into sale of goods contracts pursuant to which Plaintiff agreed to sell and Defendant agreed to buy specific goods at agreed-upon prices, including a number of tracking devices and related accessories, subject to Plaintiff's "Terms and Conditions of Sale" which Defendant accepted. (Exhibit A).

7. The Plaintiff supplied to the Defendant all of the goods that the Defendant ordered, which were and are conforming and functional, and the Plaintiff fully performed its obligations under the parties' contracts.

8. The Defendant received and accepted the goods that it ordered from Plaintiff.

9. Plaintiff sent invoices to the Defendant for the goods that Plaintiff supplied to the Defendant, for the prices that Defendant agreed to pay, for the goods that Plaintiff supplied and Defendant accepted, which total the amount of $2,298,111.71. (Exhibit B).

10. The Defendant failed to pay the Plaintiff the amounts that the Defendant agreed to pay to the Plaintiff, which total the amount of $2,298,111.71, for the goods that Plaintiff delivered to the Defendant and that Defendant accepted.

11. The Defendant did partially pay $327,025 against one invoice (#16286702), leaving an unpaid balance due on that invoice in the amount of $35,855.00.

12. The Defendant has made no payments at all on any of the other unpaid invoices and currently owes the Plaintiff the sum of $1,971,086.71 for the goods that Defendant agreed to purchase from the Plaintiff, that Plaintiff supplied to Defendant, and that Defendant received, accepted.

13. The Defendant provided the Plaintiff with Defendant's own Accounts Payable documents, which acknowledge and confirm that Defendant is indebted to the Plaintiff in the amount of at least $1,935,508.71. (Exhibit C).

14. The Plaintiff has demanded payment from the Defendant, and the Defendant has confirmed that it owes the Plaintiff payment for the goods that Plaintiff supplied to the Defendant, but Defendant has failed to pay the Plaintiff.

## COUNT I: ACCOUNT STATED

15. Plaintiff incorporates all of the allegations contained in all of the preceding paragraphs as if they were repeated verbatim here.

16. Plaintiff and Defendant had prior financial dealings, on open account.

17. Defendant agreed and acknowledged that Defendant was indebted to Plaintiff in the amount of $1,935,508.71 in connection with goods that Plaintiff supplied to the Defendant, which Defendant confirmed, for example, in Defendant's own Accounts Payable documents which the Defendant provided to the Plaintiff. (Exhibit C).

18. Defendant acknowledged its obligation to pay the Plaintiff the amount owing and Defendant acknowledged its unconditional promise to pay the Plaintiff the amount of $1,935,508.71.

19.     Defendant's failure to pay the amounts owing to the Plaintiff has caused Plaintiff to sustain damages in the amount of $1,935,508.71, plus interest, costs, and attorney fees.

WHEREFORE, Plaintiff Laird Technologies, Inc. respectfully requests that this Court enter judgment in its favor and against Defendant Skypatrol, LLC on Count I, in the amount of $1,935,508.71, plus interest, costs and attorney fees to the fullest extent allowed by law, and grant such other relief as the Court deems just and proper.

## COUNT II: BREACH OF CONTRACT

20.     Plaintiff incorporates all of the allegations contained in all of the preceding paragraphs as if they were repeated verbatim here.

21.     Plaintiff and Defendant entered into contracts.

22.     Plaintiff performed its obligations under the parties' contracts.

23.     Defendant breached the parties' contracts by, for example, failing to pay to the Plaintiff all monies owed when due, and in the amounts owing to the Plaintiff.

24.     As a direct and proximate result of Defendant's breaches of the parties' contracts, Plaintiff has suffered damages in the amount of $1,971,086.71, plus interest charges pursuant to the contracts, and other losses.

WHEREFORE, Plaintiff Laird Technologies, Inc. respectfully requests that this Court enter judgment in its favor and against Defendant Skypatrol, LLC on Count II in the amount of at least $1,971,086.71, plus interest, costs, and attorney fees to the fullest extent allowed by law, and grant such other relief as the Court deems just and proper.

Dated: June 23, 2017             Respectfully submitted,

                                              HOWARD & HOWARD ATTORNEYS PLLC

                                              By: /s/ *Stephen P. Dunn*
                                                   Thomas H. Walters
                                                       Federal Bar No. P51413MI
                                                 Stephen P. Dunn
                                                     Federal Bar No. P68711MI
                                              450 W. Fourth Street
                                              Royal Oak, MI 48067
                                              Phone:  (248) 645-1483
                                              Email:  thw@h2law.com; spd@h2law.com

                                              Attorneys for Plaintiff Laird Technologies, Inc.